UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

    Plaintiff,

v.

DEENA GEPHARDT, *et al.*,

    Defendants.

Case No. C07-5259 RJB/KLS

ORDER DIRECTING FILING OF AMENDED COMPLAINT

This matter comes before the Court on the submission of a civil rights complaint, signed by five individuals detained at the Northwest Detention Center, Tacoma, Washington. The Court Clerk has received application to proceed *in forma pauperis* from only one of these individuals. The various plaintiffs purport to sue as private parties and urge the Court to appoint counsel to represent the class named as "all similarly situated Muslim persons at the Northwest Detention Center in Tacoma," in their challenge against the individually named *Bivens* Defendants. Having reviewed the record, the Complaint, and the application to proceed *in forma pauperis*, the Court ORDERS as follows:

(1) Due to the factually specific nature of the claims raised in this matter, each of the Plaintiffs (Antolin Andrew Marks, Marcus Post, Peter Volsaint Doissaint, Shupinder Singh, and Ahmed Muyingo), must file separate complaints under separate cause numbers. The above cause number shall be assigned to Antolin Andrew Marks, who is the first person who signed the complaint

ORDER - 1

filed under this cause number and who is the only person who submitted an application to proceed *in forma pauperis*. If the remaining individuals wish to file their complaints and have the Court consider *in forma pauperis* applications on their behalf, they must submit them on an individual basis.

(2) Further, as to the Complaint filed in this matter, Plaintiff claims that named Defendants are sued in their personal capacity for damages under *Bivens*. A complaint alleging constitutional violations by federal officers in their individual capacity may be maintained under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). To proceed under *Bivens*, however, Plaintiff is required to allege facts showing that the named Defendants are federal officers who acted under color of federal law when they engaged in the alleged constitutional deprivations. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982). Plaintiff states only that Defendants have been sued in their "personal capacity for damages under *Bivens*." This is not sufficient.

(3) In addition, to state a claim under *Bivens*, the Plaintiff must allege facts showing that the federal officials deprived the Plaintiff of a right, privilege or immunity secured by the Constitution or the law. *See Daniels v. Williams*, 474 U.S. 327 (1986). A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens*." *O'Neal v. Eu*, 866 F.2d 314, 314 (9th Cir.), *cert. denied*, 492 U.S. 909 (1989). As noted above, the Court will allow only this Plaintiff to proceed under this cause number with his specific claims. However, it is unclear from the proposed complaint which of the claims applies to Plaintiff. Therefore, Plaintiff is directed to amend is complaint to state only his claims against the individually named defendants alleging, if possible, facts that show how each of the named defendants personally participated in depriving Plaintiff of a right, privilege or immunity secured by the Constitution or the law.

(4) Finally, Plaintiff purports to sue for damages under *Bivens* and for a preliminary and

ORDER - 2

1  permanent injunction. A *Bivens* action is an action for damages. *Bivens*, 403 U.S. at 397, 409-10.

2  Temporary and permanent injunctive relief is not available in a *Bivens* action.

3        Accordingly, the Court finds that the Complaint in this matter is deficient and that Plaintiff

4  Antolin Andrew Marks shall cure these deficiencies, if possible, by filing an **Amended Complaint**

5  **no later than July 31, 2007.** If Plaintiff fails to cure these deficiencies, this Court will recommend

6  dismissal of this matter as frivolous.

7        The Clerk is directed to send copies of this Order and the General Order to Plaintiff.

9        DATED this <u>18th</u> day of June, 2007.

                                                Karen L. Strombom
                                                United States Magistrate Judge

ORDER - 3