UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

        Plaintiff,

    v.

DEENA GEPHARDT, *et al.*,

        Defendants.

Case No. C07-5259 RJB/KLS

ORDER DIRECTING SERVICE BY
U.S. MARSHAL

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiff has been granted leave to proceed *in forma pauperis*. Plaintiff has provided service copies and filled out service forms.  The clerk is directed to effect service as provided below.

    (l)    <u>Service by United States Marshal</u>

    It is hereby ORDERED that the United States Marshal shall send each named defendant by first class mail, a copy of the Amended Complaint and of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.  Pursuant to Federal Rule of Civil Procedure 4(i), the United States Marshall shall also send each of the aforementioned documents by certified mail to the Attorney General of the United States at Washington, District of Columbia, and to the United States Attorney for the Western District of Washington.

ORDER - 1

1     All costs of service shall be advanced by the United States.  The Clerk shall assemble the

2  necessary documents to effect service.  The Clerk also shall send a courtesy copy of the complaint to

3  both the United States Attorney for the Western District of Washington and the Seattle law firm of

4  Winterbauer & Diamond P.L.L.C.

5     (2)     Response Required

6     Defendants shall have **thirty (30) days** within which to return the enclosed Waiver of Service

7  of Summons.  Each defendant who timely returns the signed Waiver shall have **sixty (60) days** after

8  the date designated on the Notice of Lawsuit to file and serve an answer or a motion directed to the

9  complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure.

10    Any defendant who fails to timely return the signed Waiver will be personally served with a

11  summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule

12  4(d)(2).  A defendant who has been personally served shall file an answer or motion permitted under

13  Rule 12 within **thirty (30) days** after service.

14    (3)     Filing and Service by Parties, Generally

15    All original documents and papers submitted for consideration by the court in this case, are to

16  be filed with the Clerk of this court.  The originals of all such papers shall indicate in the upper right-

17  hand corner the name of the Magistrate Judge to whom the copies are to be delivered.  The papers

18  shall be accompanied by proof that such documents have been served upon counsel for the opposing

19  party (or upon any party acting *pro se*).  The proof shall show the day and manner of service and

20  may be written acknowledgment of service, by certificate of a member of the bar of this court, or by

21  affidavit of the person who served the papers.

22    (4)     Motions

23    Any request for court action shall be set forth in a motion, properly filed and served.  The

24  motion shall include in its caption (immediately below the title of the motion) a designation of the

25  Friday upon which the motion is to be noted upon the court's calendar.  That date shall be the third

26  Friday following filing of the motion (fourth Friday for Motions for Summary Judgment).  All briefs

27  and affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the

28  ORDER - 2

1   Monday immediately preceding the Friday appointed for consideration of the motion.  If a party fails

2   to file and serve timely opposition to a motion, the court may deem any opposition to be without

3   merit.  The party making the motion may file, not later than 4:30 p.m. on the Thursday immediately

4   preceding the Friday designated for consideration of the motion, a response to the opposing party's

5   briefs and affidavits.

6           (5) <u>Motions for Summary Judgment</u>

7           If one of the parties files a motion for summary judgment pursuant to Federal Rules of Civil

8   Procedure 56, the opposing party should acquaint him/herself with Rule 56.  Rule 56 requires a

9   nonmoving party to submit affidavits or other evidence in opposition to a motion for summary

10  judgment if the moving party has shown the absence of issues of material fact and an entitlement to

11  judgment as a matter of law.  A nonmoving party may not rest upon the mere allegations or denials

12  of prior pleadings.  Rather, successful opposition to a motion for summary judgment requires the

13  nonmoving party to set forth, through affidavits or other evidence, specific facts showing a genuine

14  issue for trial.  Failure by the nonmoving party to oppose a summary judgment motion or to present

15  counter evidence could result in the court accepting the moving party's evidence as the truth, and

16  entering final judgment in favor of the moving party without a full trial.  <u>Rand v. Rowland</u>, 113 F.3d

17  1520 (9th Cir. 1997).

18          (6)     <u>Direct Communications with District Judge or Magistrate Judge</u>

19          No direct communication is to take place with the District Judge or Magistrate Judge with

20  regard to this case.  All relevant information and papers are to be directed to the Clerk.

21          (7)     <u>Clerk's Action</u>

22          The Clerk is directed to send a copy of this Order and of the General Order issued by the

23  Magistrate Judges to Plaintiff.

24          DATED this  27th   day of July, 2007.

25

26                                                  Karen L. Strombom
                                                    United States Magistrate Judge
27

28  ORDER - 3