1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

       Plaintiff,

    v.

DEENA GEPHARDT *et al.*,

       Defendants.

Case No. C07-5259RJB

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**February 15, 2008**

    This 42 U.S.C. § 1983/Bivens action has been referred to the undersigned Magistrate Judge

pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Plaintiff has filed a motion asking the

court to grant him judgment on the pleadings regarding a counter claim filed by defendants (Dkt #

33).  Defendant's counter claimed alleging the filing of this action is abuse of process and defamation

(Dkt # 28).

    Plaintiff is incarcerated at the Northwest Detention Center and is going through the process

of deportation proceedings.  In the last two years Mr. Marks has filed twenty-four actions in this

court and has proceeded *in forma pauperis* in those actions.  The actions are overlapping and to

REPORT AND RECOMMENDATION- 1

1    some extent duplicative.  The court takes judicial notice of its own files.

2         Defendants in this action filed an answer and counter claim.  They allege the claims filed by

3    plaintiff were filed in bad faith, are false, defamatory, and frivolous (Dkt # 28).  Defendants have

4    responded to the motion for judgment on the pleadings (Dkt # 40).  Plaintiff has replied (Dkt # 44).

5                                          STANDARD OF REVIEW

6         A motion for judgment on the pleadings is reviewed under the same standard as a motion to

7    dismiss for failure to state a claim.  Doe v U.S., 419 F.3d. 1058 (9th Cir. 2005).  If materials outside

8    the pleadings are presented, the motion should be converted to a motion for summary judgment and

9    both sides are given an opportunity to respond under that standard.  See, Fed. R. Civ. P. 12 (c).

10        Under a motion to dismiss for failure to state a claim a court should dismiss a claim under

11   Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to

12   support the claim that would entitle the plaintiff to relief.  Keniston v. Roberts, 717 F.2d 1295, 1300

13   (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957).  Dismissal for failure to state a

14   claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts

15   alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699

16   (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the

17   plaintiff's favor.  Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

18        In responding to plaintiff's motion defendants go beyond the pleadings and ask the court to

19   consider three appendixes to the response.  The first appendix is a "Criminal and Immigration

20   History Information Sheet."  The court will not consider this document.  The second appendix is a

21   pacer printout showing Mr. Marks to be a party to 24 cases filed in this court.  A court takes judicial

22   notice of its own files. The third appendix is a Ninth Circuit case summary for cause number 05-

23   8006.  The underlying district court case was one of Mr. Marks Habeas actions filed in this court 06-

24   CV-0717, Marks v Clark.  While the court could take judicial notice of this document it is not

25   necessary to consideration of the motion and will not be considered.

26        The court does not believe taking judicial notice of Mr. Marks other filings converts the

27   motion to a motion for summary judgment. This matter is therefore properly considered under the

28   REPORT AND RECOMMENDATION- 2

1 │ same standard as a motion to dismiss.

2 │ <u>DISCUSSION</u>

3 │ Assuming the allegations in the counter claim to be true Mr. Marks filed this action in bad

4 │ faith, and the allegations are false, defamatory, and frivolous.  Further, defendants allege the filing of

5 │ this action is for the purpose of harassment (Dkt # 28).   Given the court must assume these facts to

6 │ be true, defendants have stated a cause of action for abuse of process and possibly defamation.  The

7 │ motion to strike the counter claim should be **DENIED.**

8 │ Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

9 │ the parties shall have ten (10) days from service of this Report to file written objections. *See also*

10 │ Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

11 │ appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

12 │ 72(b), the clerk is directed to set the matter for consideration on **February 15, 2008**, as noted in the

13 │ caption.

14 │

15 │ DATED this 9 day of January, 2008.

16 │ /S/ *J. Kelley Arnold*
    │ J. Kelley Arnold
17 │ United States Magistrate

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │ REPORT AND RECOMMENDATION- 3