UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

    Plaintiff,

v.

DEENA GEPHARDT *et al.*,

    Defendants.

Case No. C07-5259RJB/JKA

ORDER

    This <u>Bivens</u> action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

    Some, but not all, of the defendants in this action have entered into a stipulated settlement with the plaintiff (Dkt. # 48). The defendants who entered into this settlement have been dismissed with prejudice from the action (Dkt # 48). These are the same defendants who had filed a counterclaim (Dkt # 28). As the defendants have been dismissed, the court assumes the counterclaim is also dismissed. The parties have thirty days from entry of this order to notify the court if the court is in error.

    Dismissal of these defendants also renders their pending motions and motions against them moot. These defendants had pending a motion to dismiss (Dkt # 35). The plaintiff had a motion to compel discovery and a motion for judgment on the pleadings regarding the counter claim pending (Dkt # 30 and 33). The motion for judgment on the pleadings, (Dkt. # 33), is moot. The motion to compel, ( Dkt # 30),

ORDER
Page - 1

is moot as to the defendants who have settled, but the motion also addresses discovery sent to the three remaining federal defendants. (Defendants Gephardt, Melendez, and Farabaugh remain in this action).

The federal defendants have responded to the motion to compel discovery and note that they have raised the affirmative defense of qualified immunity and have a motion to dismiss pending (Dkt # 39 and 40). Defendants ask that the motion to compel be denied at least until the court has ruled on the motion to dismiss (Dkt # 40). Plaintiff has responded (Dkt. # 45). **Dkt. # 45 is now UNSEALED**. The Clerk's office should also **UNSEAL Dkt. # 43, 44 and 50**.

Qualified immunity is immunity from suit. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982). The immunity protects against the costs associated with discovery as well as the costs of liability. The immunity is essentially lost of a case is allowed to go proceed through the discovery phase prior to a ruling on the defense of immunity. Plaintiff's motion to compel is **DENIED WITHOUT PREJUDICE.** The court has considered plaintiff's response (Dkt. # 45). Plaintiff argues the motion is untimely and a motion to stay discovery needed to be made immediately after the discovery was sent. Plaintiff provides no authority for this position and the court rejects it. If this case survives defendant's motion to dismiss, plaintiff may renew his motion to compel.

The final motion which can be ruled on by a Magistrate Judge is plaintiff's motion to remove the sanctions in this case (Dkt # 50). In August of 2007, plaintiff sent pleadings to the court, which, by his own admission, contained "security details" from the facility where he is housed. Plaintiff sent this document in hand written form and as a sealed filing. Several days later, plaintiff presented the same information in typed form to the defendants, allegedly for copying. Plaintiff avers he took these actions to prove his pleadings were being read by the defendants. Plaintiff was immediately segregated. Plaintiff contends "the Plaintiff did seek to make a point to the Court and to the Defendants. The point was well made but not well taken" (Dkt # 50, page 2). Plaintiff is wrong in assuming he has proven his pleadings were improperly being read. Nothing in the United States Constitution prevents prison officials, or in this case detention officials, from scanning outgoing mail, even legal mail. Allowing prison officials to scan outgoing mail helps insure the mail is actually entitled to the privileged status the plaintiff claims. Further, scanning of outgoing mail helps prevent a detainee or prisoner from sending out mail that contains plans to escape or plans to conduct other illegal activity.

ORDER
Page - 2

1   Even a cursory glance at Plaintiff's August filings shows the documents are not proper legal filings.
2   The documents are a threat to the security of the facility and are not entitled to any Constitutional
3   protection.
4   The court's reaction has been to seal the documents in question, (a lesser sanction then dismissal of
5   actions or a permanent bar order).  Further, to insure plaintiff does not again submit any improper pleading,
6   the court considers each filing under seal and then either enters an order that the document remains sealed
7   or that the document be unsealed.
8   Plaintiff argues that the court indicating he submitted "improper filings" is something much worse
9   that what actually occurred (Dkt. # 50, page 2).  Plaintiff's filings tell a different story.  The documents
10  filed warrant the ongoing sanction.  Plaintiff's motion is **DENIED.**
11  The only remaining motion is the Federal defendant's motion to dismiss, (Dkt # 39), which will be
12  addressed in a separate Report and Recommendation
13  The clerk's office is directed to send copies of this order to plaintiff and counsel for defendants and
14  to unseal docket numbers 43, 44, 45 and 50).

DATED this 22 day of January, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate