UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

    Plaintiff,

v.

DEENA GEPHARDT *et al.*,

    Defendants.

Case No. C07-5259RJB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
February 29, 2008**

This 42 U.S.C. § 1983/Bivens action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Before the court is a motion to dismiss. The remaining defendants are Deena Gephardt, the health care manager, Michael Melendez former federal officer in charge, and Dr. Phillip Farabaugh, a health care provider. The motion to dismiss is by these remaining three Federal Defendants (Dkt # 39).

Plaintiff is a detainee at a Federal Detention Facility. Plaintiff is in the process of being deported. This facility is operated by a private corporation, The Geo Group Inc. "GEO". All defendants who work for "GEO" corporation have settled all claims with plaintiff and those defendants have been dismissed from this action. The court assumes the counter claim filed by these defendants is also dismissed and has given the parties thirty days to inform the court if that assumption is incorrect (Dkt. # 51).

REPORT AND RECOMMENDATION- 1

The defendants argue they are entitled to dismissal because "plaintiff has failed to plead facts to show that any of the named defendants committed a specific act which resulted in an actual violation of Plaintiff's constitutional rights." Defendants also argue they are entitled to qualified immunity from suit (Dkt. # 39).

Plaintiff has responded to the motion to dismiss (Dkt # 43). Defendants have replied (Dkt # 49). This matter is ripe for review.

## STANDARD OR REVIEW

Under a motion to dismiss for failure to state a claim a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

## FACTS

Plaintiff alleges that on April 14, 2007, the corporation running the facility where he is housed terminated the contract with the food service provider and began serving meals prepared in house. Plaintiff alleges that at the time of the change he was receiving a medical diet that had been specially ordered. He alleges his diet was "High Fiber, Low Fat, Low Cholesterol, Low Sodium, No Eggs, No Jello, with a fruit" (Dkt. # 8, Amended Complaint, Page 3). Plaintiff also mentions religious diets in his amended complaint on pages 4 and 5. Plaintiff alleges the new food service manager, Mr. Mc Burney, ordered the staff to stop preparing a High Fiber Diet as all meals were now High Fiber. Mr. Mc Burney is no longer a defendant in this action. Plaintiff alleges the changes in his diet made the diet low fiber, high fat, high cholesterol, and high sodium.

Plaintiff specifically alleges the diet was changed by order of Mr. Mc Burney (Dkt # 8, page 6 ¶ 26). Mr. Mc Burney has settled all claims against him (Dkt # 48, stipulated dismissal). Plaintiff

REPORT AND RECOMMENDATION- 2

alleges he has previously suffered from heart attacks and is a "heart patient." Plaintiff alleges he was denied his medically ordered diet.

Plaintiff alleges Mr. Mc Burney consulted with medical staff, Gephardt and Farabaugh, regarding the change to his diet on May 4th 2007, and between April 1st, 2007 and April 14th, 2007. He alleges the decision to end his medical diet was a conspiracy (Dkt # 8, ¶ 31 to 35). Plaintiff acknowledges the fact that Defendant Gephardt is not a doctor and does not have medical degrees (Dkt # 8 ¶ 31 and 32). He contends she is the manager of the medical department.

Plaintiff also alleges a Constitutional violation of his right to practice his religion because of food services. Plaintiff alleges he is a "Nazarite" (Dkt # 8, page 10 ¶ 37). Neither party has placed any information before the court as to what a Nazarite is or what beliefs they hold. Historically the term Nazarite refers to Hebrews who set themselves apart or were considered especially consecrated to the Lord. Nazarites took certain vows and abstained from all products of the vineyard, wine, vinegar, grapes, or raisins. They grew their hair (until it was shaved as part of the ceremonies ending the time a person was Nazarite). Nazarites were forbidden to be in close proximity to a corpse. Persons could take the vows and be Nazarite for a set period of time or permanently. See, Catholic Encyclopedia, Volume X published 1911.

Plaintiff complains he was not being able to partake in Ramadan, a Muslim holy observance, because of the food served to persons fasting. Plaintiff does not claim to be Muslim and does not allege this holiday is part of his religious beliefs.

Plaintiff also alleges he has been denied the right to practice his religion because the facility has no Imam or Rabbi who will "tend to Black persons." Plaintiff alleges white persons are seen by a Rabbi but that the Rabbi refuses to see him. The Rabbi is not a named defendant in this action and when specifically asked why the Rabbi would not see him he alleges the Rabbi's response was that the Rabbi had determined plaintiff is not a Jew (Dkt # 8, page 11 ¶ 42).

Beginning on page 12 of the amended complaint plaintiff returns to medical diet issues and claims defendant Melendez punishes persons who need a no egg diet by serving frozen black eyed peas as a substitute for eggs. He also alleges substitution of saltine crackers for bread and cheese

REPORT AND RECOMMENDATION- 3

sandwiches for peanut butter is a violation of his rights because the items contain salt and cholesterol which he should not have. (Dkt. # 8, page12, ¶ 44).

Plaintiff alleges it was improper for Mr. Mc Burney to have a conversation with defendant Gephardt concerning plaintiff's medical diet (Dkt # 8, page 13, ¶ 50). Plaintiff also mentions cosmetics in this paragraph.[1]

As a final allegation plaintiff claims his medical records are not confidential and as a result he has not sought medical or mental health treatment he would otherwise have sought (Dkt. # 8, page 13 and 14 ¶ 51 to 55). Plaintiff does not supply any specific instance of improper sharing or disclosure of medical information which would be confidential.

## DISCUSSION

The court begins analysis of plaintiff's claims, and defendant's motion, by noting that while a pro se complaint is liberally construed, there are limits to the court's ability to liberally construe a complaint. Pena v Gardner, 976 F.2d 469 (9th Cir. 1992). The court stated:

> However, "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982).

Pena v Gardner, 976 F.2d at 471.

1.  Defendant Melendez.

Plaintiff does not allege defendant Melendez ordered any change to his diet or in any way interfered with his diet, medical or religious. Plaintiff alleges the changes were made to the diet as a result of orders given by Mr. Mc Burney after consultation with medical staff. As defendants note, the theory of respondeat superior cannot be used to impart liability for a constitutional tort. Further, there is no vicarious liability in a "Bivens" action Terrell v Brewer, 935 F.2d 1015, 1018 (9th Cir.

---

[1] Plaintiff also alleges it was improper for Mr. Mc Burney to have a discussion with defendant Gephardt regarding hypo allergenic cosmetics. Cosmetics were mentioned in the amended complaint as an example of conduct, not as a separate claim (Dkt # 8, page 8, ¶ 30). Further, if plaintiff is attempting to raise the issue of skin care and cosmetics in this action it is duplicative of the allegation dismissed in Hopper v Morrison, 06-5058FDB.

REPORT AND RECOMMENDATION- 4

1991); <u>Monell v Dept. Of Social Service of New York</u>, 436 U.S. 658, 691-708 (1978).

As there is no vicarious liability, defendant Melendez cannot be held liable for a Rabbi refusing to see plaintiff because the Rabbi determines the plaintiff is not Jewish. There is nothing in the complaint to show any affirmative action being taken by this defendant. The closest, plaintiff comes is his statement that defendant Melendez considers Medical files "Ice files" which plaintiff claims are not confidential. Plaintiff fails to allege that any unauthorized person has gained access to his files or confidential information in those files. <u>See</u>, Amended Complaint (Dkt # 8).

Plaintiff's allegations against this defendant are generalized statements lacking any specific facts. By way of example plaintiff states on page 10 of the amended complaint "For instance, in the matter of the Persons who observe Ramadan, they are entitled to a Halal Diet because of the strictures of their religious needs. At the least, the Plaintiff is entitled to a Kosher Diet because he is a Nazarite. However, Mc Burney, Wigen, and Melendez deliberately denies those persons the Halal Diet even though they have requested such diets routinely." (Dkt. # 8, page 10 ¶ 37). Plaintiff is not claiming to be Muslim and he does not have standing to litigate this issue for others. Further, plaintiff does not claim he ever requested a Kosher diet or that defendant Melendez plays any part in the selection of diets or specific food that will be served. Dismissal for failure to state a claim may be based on the absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990). The claims against this defendant are inadequate as a matter of law.

2. <u>Defendant Gephardt</u>.

The allegations against defendant Gephardt are more specific. Plaintiff alleges defendant Gephardt interfered with his prescription for cosmetics. The issue of plaintiff receiving cosmetics was litigated and lost in <u>Hopper v Morrison</u>, 06-5058FDB. The <u>Morrison</u> court ruled this issue was not sufficiently serious to state a claim under the Eighth Amendment. (<u>Hopper v Morrison</u>, 06-5058FDB Dkt # 52 and 57). The court notes that defendant Gephardt was a defendant in the <u>Morrison</u> case. Plaintiff is precluded from again litigating this issue.

As to his diet, plaintiff fails to show defendant Gephardt has exerted any control over his

REPORT AND RECOMMENDATION- 5

medical diet. By plaintiff's own admission this defendant is not a doctor and does not have a medical degree (Dkt. # 8, page, 8, ¶ 31 and 32). That she may have participated in a discussion with Food services personnel and Doctor Farabaugh regarding changes to diets does not make her liable for medical decisions made by Dr. Farabaugh. Plaintiff's due process claim on this issue fails as he has no liberty or property interest in a Doctors decision to issue or cancel a prescription.

Plaintiff fails to state a claim against this defendant based on the medical records claim as well. Plaintiff fails to plead facts to show confidential information was improperly disclosed. His allegations are conclusory and generalized. Defendant Gephardt is entitled to dismissal for failure to state a claim.

3.   Defendant Farabaugh.

The government has an obligation to provide medical care for prisoners, and the Eighth amendment proscribes deliberate indifference to their serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). Such conduct is actionable under 42 U.S.C. § 1983. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)(reversed on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, (9th Cir. 1997)).

To establish deliberate indifference, a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. McGuckin, 974 F.2d at 1060; Estelle, 429 U.S. at 104. A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059. A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. In order to establish deliberate indifference there must first be a purposeful act or failure to act on the part of the defendant. McGuckin, Id. at 1060. A difference of opinion between a prisoner and medical authorities regarding proper medical treatment does not give rise to a 42 U.S.C. § 1983 claim. Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. Hutchinson v. United States, 838 F.2d 390, 394 (9th

REPORT AND RECOMMENDATION- 6

Cir. 1988). To establish an Eighth Amendment violation, an inmate must allege both an objective element--that the deprivation was sufficiently serious--and a subjective element--that a prison official acted with deliberate indifference. Young v. Quinlan, 960 F.2d 351, 359 (3rd Cir. 1992). Further, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. McGuckin, at 1060; Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

      1.     Nature of the injury, the objective component.

Assuming the allegations in the complaint to be true, Dr. Farabaugh ordered a medical diet for plaintiff. When the food service provider was changed, the new provider sought to eliminate the special diets by making changes to the food service. Plaintiff alleges the resulting diet does not meet his medical needs.

On the record now before the court it is impossible to determine how serious plaintiff's medical condition is. Plaintiff alleges he has had heart attacks in the past. He alleges he has a medical need for a High Fiber, Low Fat, Low Cholesterol, Low Sodium, No Eggs, No Jello, with a fruit diet. Assuming the allegations to be true the complaint survives a motion to dismiss on this stage of the analysis.

      2.     Subjective component,

Plaintiff alleges the decision to change or eliminate his medical diet was a conspiracy between Mr. Mc Burney, who has settled all claims, Deena Gephardt, who is a manager to the medical unit and not a health care provider, and Dr. Farabaugh. The only person with authority to prescribe a medical diet in this group is Dr. Farabaugh. It is impossible on this record to determine Dr. Farabaughs subjective intent, or his thoughts on any changes to plaintiff's diet. Under a motion to dismiss for failure to state a claim a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). The complaint raises the Eighth Amendment failure to provide a medically needed diet allegation clearly enough to withstand a motion to dismiss.

REPORT AND RECOMMENDATION- 7

Qualified Immunity.

Defendant Farabaugh is entitled to qualified immunity from damages for civil liability as long as his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The existence of qualified immunity **generally** turns on the objective reasonableness of the actions, without regard to the knowledge or subjective intent of the particular official. Id. at 819.(Emphasis added).

To be clearly established, the law must be sufficiently clear that a reasonable official would understand that his or her action violates that right. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Before considering a suit on the merits the court must determine if the facts alleged show the defendants conduct violated a constitutional right. Here the only right as issue is plaintiff's Eighth Amendment claim. The court rejects any contention that plaintiff had a due process right in continuation of a prescription diet. The Eighth Amendment analysis was set forth above and need not be repeated. This claim survives a motion to dismiss at this stage of the analysis.

The next question is whether the contours of the right are clear enough to have placed Dr. Farabaugh on notice that his actions violated that rights. The contours of the Eighth Amendment and the duty to provide medical care go back to at least 1976. Estelle v Gamble, 456 U.S. 97 (1976). The analytical problem facing the court is that there is a subjective element to an Eighth Amendment violation. When the underlying alleged constitutional violation contains an intent element, the normal qualified immunity analysis is difficult to apply. An Eighth Amendment medical violation, by definition contains a deliberate indifference component. Thus, the state of mind or subjective intent of Dr. Farabaugh is an element of the violation. Whether his actions were constitutional and whether he is entitled to qualified immunity turn in part on his subjective motivation and reasoning in ordering changes to plaintiff's diet. At the motion to dismiss stage the court has no record of the Doctor's thought process or statements from him to consider. Issues the court needs addressed include:

1. Dr. Farabaugh's medical assessment of plaintiff's health and whether he believes a

REPORT AND RECOMMENDATION- 8

1         special diet is needed.. (medical records).

2,3     2.     Dr. Farabaugh's opinion as to what changes could or should be made to plaintiff's diet.

4     3.     Dr. Farabaugh's opinion as to whether plaintiff has a serious medical condition.

5,6     4.     Dr. Farabaughs opinion of the plaintiff's current diet and whether he believes it meets plaintiff's medical needs.

Obviously, submitting a record of this nature would convert a motion to dismiss to a motion for summary judgment. Equally obvious is the fact that the only issue surviving the motion to dismiss is the issue of plaintiff's medical diet. Plaintiff fails to show the only remaining defendant played any role in decisions regarding religious practices, or religious diets.

## CONCLUSION

All defendants except Dr. Farabaugh should be dismissed at the motion to dismiss stage. The only claim surviving the motion to dismiss is plaintiff's claim that the medical diet provided him does not meet his needs. Whether Dr. Farabaugh violated any right or duty owed the plaintiff, and whether Dr. Farabaugh is entitled to qualified immunity requires the court to consider a greater record than is now before it. Thus, the motion to dismiss should be **GRANTED IN PART AND DENIED IN PART** as outlined above.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 22, 2008**, as noted in the caption.

DATED this 24 day of January, 2008.

                          */S/ J. Kelley Arnold*
                          J. Kelley Arnold
                          United States Magistrate

REPORT AND RECOMMENDATION- 9